IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MATTHEW KING | ) | |
| | ) | |
|        **Plaintiff,** | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| WALGREENS CO., AND WALGREENS EASTERN CO., | ) ) | |
|        **Defendants.** | ) | |

**DEFENDANTS' NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1446, 28 U.S.C. §1441(a) and (b), and 28 U.S.C. § 1332, Defendants Walgreen Co. ("Walgreens") and Walgreen Eastern Co., Inc. ("Walgreen Eastern," and together with Walgreens, "Defendants")[1], remove the action brought by Plaintiff Matthew King in the Superior Court of the State of Delaware, styled *Matthew King v. Walgreens Co.*, *and Walgreens Eastern Co.,* Case No. NK21C-10-027-RLG (the "State Court Action") to this Court. In support, Defendants state as follows:

**I.    Background**

1. On October 29, 2021, Plaintiff Matthew King ("Plaintiff") filed the State Court Action against Defendants in the Superior Court of the State of Delaware, Kent County. Plaintiff demanded a jury trial in the State Court Action.

2. In his Complaint, Plaintiff claims that Defendants violated the Delaware Medical Marijuana Act by refusing to hire Plaintiff in 2019. Plaintiff alleges that he "lost income, suffered financial problems, suffered emotional distress, and experience disruption to life." Compl. ¶12.

---

[1] The Complaint improperly named Defendants as "Walgreens Co." and "Walgreens Eastern Co." Defendants' corporate names are "Walgreen Co." and "Walgreen Eastern Co., Inc.," respectively.

3. The Complaint was served on Defendants by service on their resident agent on November 15, 2021. A true and correct copy of the Notices of Service, Summonses, and Complaint is attached as Exhibit A.

4. This Notice of Removal, together with all process, pleadings and orders served on Defendants, or otherwise on file in the lawsuit, are being filed in this Court within thirty (30) days after the initial service of Summons on Defendants. The removal is therefore timely under 28 U.S.C. § 1446(b).

5. Exhibit A contains copies of all documents filed in the State Court Action. A copy of Defendants' Notice of Removal will be promptly filed with the Superior Court of the State of Delaware, in which this action was filed.

6. A Civil Cover Sheet will be filed concurrently with this Notice of Removal pursuant to Local Rule 3.1.

## II.     Grounds for Removal – Diversity Jurisdiction

7. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332, based upon diversity of citizenship between Plaintiff and Defendants and an amount in controversy exceeding $75,000 excluding interests and costs. Removal is appropriate pursuant to 28 U.S.C. § 1441 in that it is a civil action between diverse parties.

8. Plaintiff is a citizen of Delaware. *See* Complaint at ¶ 1.

9. Walgreens is an Illinois corporation with its principal place of business in Deerfield, Illinois. *See* Declaration of Joseph B. Amsbary, Jr. ("Amsbary Aff.") ¶2, attached as Exhibit B. Therefore, Walgreens is a citizen of the State of Illinois for the purposes of diversity. *See* 28 U.S.C. § 1332(c)(1) (a corporation shall be deemed to be a citizen of any State in which it is incorporated and of the State where it has its principal place of business).

10.     Walgreen Eastern is a New York corporation with its principal place of business in Deerfield, Illinois. *See* Amsbary Aff. ¶3. Therefore, Walgreen Eastern is a citizen of the State of Illinois and the State of New York for the purposes of diversity. *See* 28 U.S.C. § 1332(c)(1) (a corporation shall be deemed to be a citizen of any State in which it is incorporated and of the State where it has its principal place of business).

11.     Accordingly, there is complete diversity between the parties. *See* 28 U.S.C. § 1332(a).

12.     Defendants deny liability and deny Plaintiff's assertion of damages. Plaintiff alleges no specific amount in controversy; however, based upon Plaintiff's allegations, including a request for special damages, back pay and front pay, as well as compensatory damages and attorneys' fees, the alleged amount in controversy is more than $75,000, exclusive of interest and costs. *See* Compl. at p. 4 ("WHEREFORE" clause).

13.     Plaintiff seeks general compensatory damages, special damages, attorneys' fees and costs, pre and post-judgment interest and such other relief as the Court deems proper. *See* Compl. at p. 4 ("WHEREFORE" clause).

**III.    Conclusion**

14.     Removal of this action is proper under 28 U.S.C. § 1441(a) and (b) since it is a civil action brought in a state court. The federal district courts have original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties.

15.     The State Court Action was filed in the Superior Court of the State of Delaware, Kent County. Kent County, Delaware is situated in the United States District Court for the District of Delaware. Therefore, pursuant to 28 U.S.C. § 1441, this Court is the appropriate forum to entertain this Notice of Removal.

WHEREFORE, for these reasons, Defendants respectfully remove the State Court Action to this Court.

Dated: December 6, 2021

Respectfully submitted,

PINCKNEY, WEIDINGER, URBAN & JOYCE, LLC

*/s/ Elizabeth Wilburn Joyce*
Elizabeth Wilburn Joyce (DE No. 3666)
Patricia R. Urban (DE No. 4011)
Megan Ix Brison (DE No. 6721)
2 Mill Road, Suite 204
Wilmington, DE  19806
(302) 504-1497  (Tel.)
(302) 442-7046 (Fax)
ewilburnjoyce@pwujlaw.com
purban@pwujlaw.com
mixbrison@pwujlaw.com

*Attorneys For Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Notice of Removal has been served by first-class United States mail, postage prepaid, this 6th day of December, 2021, upon:

Patrick C. Gallagher, Esq. (DE No. 5170)
Alexis N. Stombaugh, Esq. (DE No. 6702)
JACOBS & CRUMPLAR, P.A.
750 Shipyard Drive, Suite 200
Wilmington, DE 19801

*/s/ Elizabeth Wilburn Joyce*
Elizabeth Wilburn Joyce (DE No. 3666)